**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOEL A. PISANO
UNITED STATES DISTRICT JUDGE

Clarkson S. Fisher Courthouse
402 East State Street
Trenton, NJ 08608
(609) 989-0502

August 13, 2008

**LETTER OPINION**
**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**

Re:   *Ortiz v. Commissioner of Social Security*, Civil Action No. 07-4254 (JAP)

Dear Parties,

On September 10, 2007, *pro se* Plaintiff David Ortiz ("Plaintiff") filed a Complaint, appealing the denial of Plaintiff's application for disability insurance benefits ("DIB") sought under Title II of the Social Security Act, 42 U.S.C. § 301 *et seq.* Presently before the Court is a motion by Defendant the Commissioner of the Social Security Administration ("Commissioner") to remand the case to the Commissioner in order to locate or reconstruct Plaintiff's claims file. Plaintiff opposes this motion. For the reasons set forth herein, the Court grants the Commissioner's motion to remand for the purpose of locating or reconstructing Plaintiff's administrative record.

**I.    Background**

Plaintiff initiated this action, pursuant to 42 U.S.C. § 405(g), to challenge the Commissioner's denial of Plaintiff's January 5, 2005 application for DIB. Plaintiff attached to his Complaint a March 30, 2007 opinion from the Administrative Law Judge Mark G. Barrett ("ALJ"), a Notice of an Unfavorable Decision, and a denial of review from the Appeals Council. In addition, Plaintiff attached an Order of the Appeals Council, incorporating into the record additional evidence of surgical photographs, copies of those photographs, a one-page "List of Exhibits" that lists Plaintiff's medical records, and a copy of a "Sick Report Return" for Plaintiff executed on October 17, 2000. Plaintiff also applied to proceed *in forma pauperis*.

On December 6, 2007, the Court granted Plaintiff *in forma pauperis* status. On April 8, 2008, the Court ordered the United States Marshal Service to serve the summons and Complaint upon Defendant. Defendant, on July 3, 2008, sought an extension of time to file an Answer, which was granted on July 7, 2008.

Shortly thereafter, on July 9, 2008, Defendant moved pursuant to 42 U.S.C. § 405(g) for a remand to the Commissioner. Defendant submits that he is unable to locate Plaintiff's claims file,

with which Defendant is obligated to provide the Court in order for the Court to conduct a complete review of Plaintiff's claims. *See* 42 U.S.C. § 405(g), sentence three ("As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based."). For that reason, Defendant seeks to invoke the sixth sentence of 42 U.S.C. § 405(g), which grants a court discretion to remand a case to the Commissioner for further action by the Commissioner. 42 U.S.C. § 405(g). Plaintiff opposes the motion, but nonetheless requests the Court to direct Defendant to locate or reconstruct Plaintiff's claims file and to retain jurisdiction over Plaintiff's Complaint.

**II.    Discussion**

Pursuant to the sixth sentence of 42 U.S.C. § 405(g), a district court

> may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.SC. § 405(g), sentence six. A court may order a remand pursuant to that sentence in two instances: those in which the Commissioner requests a remand prior to filing his Answer, and those in which new, material evidence is proffered that was not previously presented, for good cause, before the Commissioner. *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993). In addition, the statute imposes on the Commissioner the burden of providing the court with the administrative record. It is this burden that Defendant cannot bear.

It has been held that the failure to meet the burden of producing the complete record warrants a remand to the Commissioner pursuant to the sixth sentence of 42 U.SC. § 405(g). *Davila on Behalf of Davila v. Shalala*, 848 F. Supp. 1141, 1144 (S.D.N.Y. 1994). *Accord Batista v. Chater*, 972 F. Supp. 211, 217 (S.D.N.Y. 1997) ("A finding of gaps in the record or need for further development of the evidence is cause for remand."). The Southern District of New York has stated that, where "a case involves administrative procedural difficulties such as failure by the agency to obtain the files or reconstruct a record, good cause exists for permitting remand to the Secretary for appropriate action to produce a record[.]" *Davila*, *supra*, 848 F. Supp. at 1144 (citing Conference

Report accompanying Social Security Disability Amendments of 1980).  Further, if the Commissioner cannot reconstruct the record, he could "conduct an expedited investigation to create a new record on which a currently appropriate decision could be rendered subject to judicial review." *Ibid.*

Here, the Court cannot adjudicate Plaintiff's claims without a complete record.  Moreover, Plaintiff's attachments to his Complaint do not cure this defect.  Accordingly, the Court finds that remand to the Commissioner is appropriate in this instance.  The Commissioner is to timely locate Plaintiff's claims file.  If the Commission is unable to do so, he shall reconstruct the claims file or conduct an expedited investigation to create a new record upon which this Court may review Plaintiff's claim for benefits.  Finally, the Court retains jurisdiction over the action pending the remand.  *Id.* at 1145-46 ("It is appropriate for a district court to retain jurisdiction in remanding an action under sentence six of 42 U.SC. § 405(g)." (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991))).

### III.   Conclusion

In conclusion, the Court grants the Commissioner's motion for a remand pursuant to the sixth sentence of 42 U.S.C. § 405(g).  The Court directs the Commissioner to promptly locate or reconstruct Plaintiff's claims file, or conduct an expedited investigation, if necessary.  Although the Court retains jurisdiction pending the remand, the Court will direct the Clerk of Court to mark the case as "Closed."  The Court further grants the parties leave to move to re-open the case when appropriate.  An appropriate order accompanies this Letter Opinion.

/s/ JOEL A. PISANO
Joel A. Pisano
United States District Judge